MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
IGNACIO CRUZ, *individually and on behalf*
*of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| GRAND GIFTS & CAFE INC.  (D/B/A | |
| GRAND CAFE), JOHN DOE CORP. (D/B/A | **ECF Case** |
| GRAND CAFE), SAVVAS TSIATTALOS , | |
| and PEDRO MARTINEZ , | |
| *Defendants.* | |

------------------------------------------------------X

Plaintiff Ignacio Cruz ("Plaintiff Cruz" or "Mr. Cruz"), individually and on behalf of others

similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his

knowledge and belief, and as against Grand Gifts & Cafe Inc. (d/b/a Grand Cafe), JOHN DOE

CORP. (D/B/A GRAND CAFE), ("Defendant Corporations"), Savvas Tsiattalos and  Pedro

Martinez, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Cruz is a former employee of Defendants Grand Gifts & Cafe Inc. (D/B/A

GRAND CAFE), John Doe Corp. (D/B/A GRAND CAFE), Savvas Tsiattalos, and Pedro Martinez.

2.      Defendants own(ed), operate(d), or control(led) two Hospital cafes, located  at 1650

Grand Concourse, Bronx, NY 10457 (hereinafter "the Bronx Lebanon Hospital location") and 1901

1st Avenue, New York, NY 10029  (hereinafter "the Metropolitan hospital location")under the name "Grand Cafe".

3.     Upon information and belief, individual Defendants Savvas Tsiattalos and Pedro Martinez, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the cafes as a joint or unified enterprise.

4.     Plaintiff Cruz was employed as a barista at the cafes located at 1650 Grand Concourse, Bronx, NY 10457 within Bronx Lebanon Hospital and 1901 1st Avenue, New York, NY 10029 within Metropolitan hospital.

5.     At all times relevant to this Complaint, Plaintiff Cruz worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Cruz appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiff Cruz the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiff Cruz wages on a timely basis.

9.     Defendants' conduct extended beyond Plaintiff Cruz to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cruz and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Cruz now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Cruz seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cruz's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a cafe located in this district. Further, Plaintiff Cruz was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Ignacio Cruz ("Plaintiff Cruz" or "Mr. Cruz") is an adult individual residing in New York County, New York.

16.     Plaintiff Cruz was employed by Defendants at the two Grand Cafes from approximately August 2014 until on or about July 14, 2020.

17.     Plaintiff Cruz consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled two Hospital cafes, located at 1650 Grand Concourse, Bronx, NY 10457 within Bronx Lebanon Hospital and 1901 1st Avenue, New York, NY 10029 within Metropolitan Hospital under the name "Grand Cafe".

19.     Upon information and belief, Grand Gifts & Cafe Inc. (d/b/a Grand Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1650 Grand Concourse, Bronx, NY 10457.

20.     Upon information and belief, John Doe Corp. (d/b/a Grand Cafe) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 1901 First Avenue, New York, NY 10029.

21.     Defendant Savvas Tsiattalos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Savvas Tsiattalos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Savvas Tsiattalos possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He

determines the wages and compensation of the employees of Defendants, including Plaintiff Cruz, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Pedro Martinez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Pedro Martinez is sued individually in his capacity as a manager of Defendant Corporation. Defendant Pedro Martinez possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cruz, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operate two cafes located within Bronx Lebanon Hospital in the Mt. Eden section of the Bronx and within Metropolitan Hospital in the East Harlem section of Manhattan in New York City.

24.     Individual Defendants, Savvas Tsiattalos and Pedro Martinez, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Cruz's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Cruz, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Cruz (and all similarly situated employees) and are Plaintiff Cruz's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Cruz and/or similarly situated individuals.

29. Upon information and belief, Individual Defendant Savvas Tsiattalos operates Defendant Corporations as either alter egos of  himself and/or fails to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

   e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as  closed Corporations,

   f) intermingling assets and debts of his own with Defendant Corporations,

   g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Cruz's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Cruz, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cruz's services.

31.     In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the cafes on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.     Plaintiff Cruz is a former employee of Defendants who was employed as a barista.

34.     Plaintiff Cruz seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ignacio Cruz*

35.     Plaintiff Cruz was employed by Defendants from approximately August 2014 until on or about July 14, 2020.

36.     Defendants employed Plaintiff Cruz as a barista.

37.     Plaintiff Cruz regularly handled goods in interstate commerce, such as coffee, packaged foods, and other supplies produced outside the State of New York.

38.     Plaintiff Cruz's work duties required neither discretion nor independent judgment.

39.     Throughout his employment with Defendants, Plaintiff Cruz regularly worked in excess of 40 hours per week.

40.     From approximately August 2014 until on or about September 15, 2014, Plaintiff Cruz worked at the Metropolitan Hospital location from approximately 8:00 a.m. until on or about 6:00 p.m., Mondays through Fridays and from approximately 1:00 p.m. until on or about 8:00 p.m., on Sundays (typically 57 hours per week).

41.     From approximately September 16, 2014 until on or about April 15, 2020, Plaintiff Cruz worked at the Bronx Lebanon Hospital location (and some days at the Metropolitan Hospital location)from approximately 5:30 a.m. until on or about 3:00 p.m., Mondays through Fridays and from approximately 7:00 a.m. until on or about 4:00 p.m., on Sundays (typically 56.5 hours per week).

42.     From approximately April 16, 2020 until on or about July 14, 2020, Plaintiff Cruz worked at the Metropolitan Hospital location from approximately 7:30 a.m. until on or about 5:00 p.m., Mondays through Fridays (typically 47.5 hours per week).

43.     Throughout his employment, Defendants paid Plaintiff Cruz his wages in a combination of check and cash.

44.     From approximately August 2014 until on or about December 2017, Defendants paid Plaintiff Cruz a fixed salary a fixed weekly salary of $570; however, defendants misrepresented this salary by backing it in to $   per hour for the first 40 hours and $   for 8 hours of overtime.

45.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Cruz a fixed weekly salary of $629; however, defendants misrepresented this salary by backing it in to $   per hour for the first 40 hours and $   for 8 hours of overtime.

46.     From approximately April 2020 until on or about July 14, 2020, Defendants paid Plaintiff Cruz a fixed weekly salary of $657.47; however, defendants misrepresented this salary by backing it in to $   per hour for the first 40 hours and $   for 8 hours of overtime.

47.     For approximately 3 days of work on or about July 2020, Defendants did not pay Plaintiff Cruz any wages for his work.

48.     Plaintiff Cruz's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

49.     For example, Defendants required Plaintiff Cruz to continue working 10 to 15 minutes past his scheduled departure time regularly, and did not pay him for the additional time he worked.

50.     Defendants deducted $12 from Plaintiff Cruz's weekly paycheck for meals he never ate.

51.     Plaintiff Cruz was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

52.     On one occasion, Defendants required Plaintiff Cruz to sign a document, the contents of which he was not allowed to review in detail.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cruz regarding overtime and wages under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Cruz an accurate statement of wages, as required by NYLL 195(3).

55.     In fact, Defendants adjusted Plaintiff Cruz's paystubs so that they reflected inaccurate wages and hours worked .

56.     Defendants did not give any notice to Plaintiff Cruz, in English and in Spanish (Plaintiff Cruz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

57.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cruz (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

58.     Plaintiff Cruz was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

59.     Defendants' pay practices resulted in Plaintiff Cruz not receiving payment for all his hours worked, and resulted in Plaintiff Cruz's effective rate of pay falling below the required minimum wage rate.

60.     Defendants habitually required Plaintiff Cruz to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

61.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

62.     On a number of occasions, Defendants required Plaintiff Cruz to sign a document the contents of which he was not allowed to review in detail.

63.     Plaintiff Cruz's paychecks misrepresented  the hours he worked and the wages he received;  specifically, Defendants back-in Plaintiff Cruz's salary and  converted it to  false hourly rates.

64.     Defendants paid Plaintiff Cruz his wages in a combination of check and cash.

65.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

66.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cruz (and similarly situated individuals) worked, and to avoid paying Plaintiff Cruz properly for his full hours worked.

67.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cruz and other similarly situated former workers.

69.     Defendants failed to provide Plaintiff  Cruz and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70.     Defendants failed to provide Plaintiff Cruz and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71.     Plaintiff Cruz brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

72.     At all relevant times, Plaintiff Cruz and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

73.     The claims of Plaintiff Cruz stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

74.     Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

75.     At all times relevant to this action, Defendants were Plaintiff Cruz's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Cruz (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

76.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78.     Defendants failed to pay Plaintiff Cruz (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

79.     Defendants' failure to pay Plaintiff Cruz (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Cruz (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

81.     Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

82.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Cruz (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83.     Defendants' failure to pay Plaintiff Cruz (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Cruz (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

85.      Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

86.     At all times relevant to this action, Defendants were Plaintiff Cruz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Cruz, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

87.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Cruz less than the minimum wage.

88.     Defendants' failure to pay Plaintiff Cruz the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Cruz was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

90.      Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

91.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Cruz  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.      Defendants' failure to pay Plaintiff Cruz overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

93.      Plaintiff Cruz was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

94.      Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

95.      Defendants failed to pay Plaintiff Cruz one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Cruz's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

96.      Defendants' failure to pay Plaintiff Cruz an additional hour's pay for each day Plaintiff Cruz's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

97.      Plaintiff Cruz was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

98.    Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

99.    Defendants failed to provide Plaintiff Cruz with a written notice, in English and in Spanish (Plaintiff Cruz's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.    Defendants are liable to Plaintiff Cruz in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

101.    Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

102.    With each payment of wages, Defendants failed to provide Plaintiff Cruz with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103.     Defendants are liable to Plaintiff Cruz in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

104.      Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

105.     At all relevant times, Defendants were Plaintiff Cruz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

106.     Defendants made unlawful deductions from Plaintiff Cruz's wages including, but not limited to, deductions for meals he never ate.

107.     The deductions made from Plaintiff Cruz's wages was not authorized or required by law.

108.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Cruz's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

109.     Plaintiff Cruz was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

110.     Plaintiff Cruz repeats and realleges all paragraphs above as though set forth fully herein.

111.     Defendants did not pay Plaintiff Cruz on a regular weekly basis, in violation of NYLL §191.

112.     Defendants are liable to Plaintiff Cruz in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cruz respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cruz and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cruz and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cruz's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cruz and the FLSA Class members;

(f)     Awarding Plaintiff Cruz and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Cruz and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cruz;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cruz;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Cruz;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Cruz;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Cruz's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Cruz;

(n)     Awarding Plaintiff Cruz damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiff Cruz damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Cruz liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Cruz and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Cruz and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Cruz demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

July 31, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620

*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                                Telephone: (212) 317-1200
New York, New York 10165                                                                Facsimile: (212) 317-1620
Faillace@employmentcomplieance.com

August 14, 2020

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Ignacio Cruz

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

                                  Ignacio Cruz

Date / Fecha:

                                  14 de agosto 2020