**Steven I. Adler, Esq.**
**MANDELBAUM SALSBURG, P.C.**
**1270 Avenue of the Americas, Suite 1808**
**New York, NY 10021**
**Phone: (212) 776-1834**
**Attorneys for Defendants**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IGNACIO CRUZ, individually and on behalf of others similarly situated, | **Civil Action No.: 1:20-cv-06573-JMF** |
| Plaintiff, | |
| v. | **ANSWER AND** |
| | **SEPARATE DEFENSES** |
| GRAND GIFTS & CAFÉ INC. (D/B/A GRAND CAFÉ), JOHN DOE CORP. (D/B/A GRAND CAFÉ), SAVVAS TSIATTALOS, and PEDRO MARTINEZ, | |
| Defendants. | |

Defendants Grand Gifts & Café, Inc. ("**GGC**" or the "**Company**"), Savvas Tsiattalos ("**Tsiattalos**") and Pedro Martinez ("**Martinez**") (collectively, "**Defendants**"), by way of Answer to the Complaint, hereby allege as follows:

### As to the Nature of the Action

1.      Defendants admit that Plaintiff is a former employee of GGC but deny all of the remaining allegations in paragraph 1 of the Complaint.

2.      Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.      Defendants make no response to the allegations in paragraph 3 to the extent they assert legal conclusions to which no responses are required but, to the extent responses are required, Defendants deny same.

4.      Defendants admit Plaintiff worked at said locations but deny all of the remaining allegations in paragraph 4.

5.      Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.      To the extent Plaintiff is alleging Defendants' conduct violated the wage and hour laws, Defendants deny the allegations in paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     Defendants admit that Plaintiff purports to bring this action on behalf of himself and others similarly situated for the claims set forth in paragraph 11, but Defendants deny any liability.

12.     Defendants admit the allegations in paragraph 12 but deny any liability.

**As to Jurisdiction and Venue**

13.     Defendants neither admit nor deny the allegations in paragraph 13 as same sets forth legal conclusions to which no responses are required.

14.     Defendants admit that the GGC and Plaintiff are in the district but make no responses to the remaining allegations in paragraph 14 as same state legal conclusions to which no responses are required.

### As to the Parties

15.     Defendants lack knowledge or information sufficient to form a belief about where Plaintiff currently resides as alleged in paragraph 15 of the Complaint, but admit that he is an adult.

16.     Defendants deny the allegations in paragraph 16 of the Complaint and aver that Plaintiff started in or about late April, 2014.

17.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 17 and leaves Plaintiff to his proof.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants admit that GGC is a New York corporation but make no responses to the remaining allegations in paragraph 19 as same are legal conclusions to which no responses are required.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants admit that Plaintiff sued Tsiattalos in his individual capacity, that he is an owner of GGC and is involved in personnel decisions, but make no responses to the remaining allegations in paragraph 21 as they set forth legal conclusions to which no responses are required.

22.     Defendants admit that Plaintiff is suing him in his individual capacity but denies all of the remaining allegations in paragraph 22.

### As to the Factual Allegations

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants make no response to the allegation in paragraph 25 that they are joint employers as same constitutes a legal conclusion to which no response is required, and deny all of the remaining allegations in paragraph 25.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants make no response to the allegations in paragraph 27 as same constitute legal conclusions to which no responses are required but, to the extent responses are required, Plaintiffs deny same.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants admit the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

4840-6294-3184, v. 1

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

**As to the FLSA Collective Action Claims**

71.     Defendants admit the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

**As to the First Cause of Action**

74.     Defendants repeat and reallege all of their previous responses as if same were fully set forth herein at length.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants make no response to the allegation in paragraph 77 as same states a legal conclusion to which no response is required but, if a response is required, Defendants deny same.

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

**As to the Second Cause of Action**

81.     Defendants repeat and reallege all of their previous responses as if same were fully set forth herein at length.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

4840-6294-3184, v. 1

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

### As to the Third Cause of Action

85.     Defendants repeat and reallege all of their previous responses as if same were fully set forth herein at length.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

### As to the Fourth Cause of Action

90.     Defendants repeat and reallege all of their previous responses as if same were fully set forth herein at length.

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

### As to the Fifth Cause of Action

94.     Defendants repeat and reallege all of their previous responses as if same were fully set forth herein at length.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of the Complaint.

### As to the Sixth Cause of Action

98.     Defendants repeat and reallege all of their previous responses as if same were fully set forth herein at length.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

### As to the Seventh Cause of Action

101.    Defendants repeat and reallege all of their previous responses as if same were fully set forth herein at length.

102.    Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the Complaint.

### As to the Eighth Cause of Action

104.    Defendants repeat and reallege all of their previous responses as if same were fully set forth herein at length.

105.    Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in paragraph 109 of the Complaint.

### As to the Ninth Cause of Action

110.    Defendants repeat and reallege all of their previous responses as if same were fully set forth herein at length.

111.    Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in paragraph 112 of the Complaint.

4840-6294-3184, v. 1

### As to the Prayer for Relief

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and that they be awarded their legal fees and costs.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state claims for which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff and the putative class members are not similarly situated and, therefore, cannot satisfy the requirements to maintain this suit as a collective action under 29 U.S.C. § 216(b).

### THIRD SEPARATE DEFENSE

Plaintiff's claims are neither common to nor typical of those of any purportedly "similarly situated" individuals, are in conflict with the interests of all or some of the purportedly "similarly situated" individuals and involve matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims and/or those of any purportedly "similarly situated" individuals are barred, in whole or in part, by the applicable statutes of limitation.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims and/or the claims of any purportedly "similarly situated" individuals are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because GGC's actions taken in connection with employee compensation were in good faith and made in conformity with, and reliance upon, the policies, administrative regulations,

orders, rulings, or interpretations of the Wage and Hour Division of the Department of Labor and/or the New York department of Labor, or judicial interpretations of law and with reasonable grounds to believe that the acts or omissions did not violate the FLSA and/or New York wage and hour laws.

## SIXTH SEPARATE DEFENSE

Plaintiff's claims and/or the claims of "similarly situated" individuals are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions at all times were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

## SEVENTH SEPARATE DEFENSE

Plaintiff and/or the "similarly situated" individuals are not entitled to compensation to the extent GGC neither knew nor had reason to know that the individuals were working the overtime alleged in the Complaint.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims and the putative claims of all purportedly "similarly situated" individuals are barred, in whole or in part, by the doctrines of payment and accord and satisfaction, because Plaintiff and all other employees were compensated for all sums legally due under the FLSA and New York law.

## NINTH SEPARATE DEFENSE

Plaintiff's claims and/or the claims of "similarly situated" individuals are barred, in whole or in part, by the doctrines of estoppel and waiver.

## TENTH SEPARATE DEFENSE

Plaintiff's claims and/or the claims of "similarly situated" individuals are barred, in

whole or in part, by the doctrine of laches.

## ELEVENTH SEPARATE DEFENSE

At all times GGC acted in good faith to comply with the FLSA and New York law and had reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint, and GGC asserts a lack of willfulness or intent to violate the FLSA or the New York Labor Law as a defense to any claim by plaintiff and/or alleged "similarly situated" individuals for liquidated or punitive damages.

## TWELFTH SEPARATE DEFENSE

The Complaint and each of Plaintiff's claims for relief and/or the claims of "similarly situated" individuals are barred by the doctrines of *res judicata* and collateral estoppel.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff and/or the individuals purported to be "similarly situated" have failed to mitigate or reasonably attempt to mitigate their alleged damages, if any, as required by federal and state law.

## FOURTEENTH SEPARATAE DEFENSE

The Complaint and each of its claims for relief are barred because any recovery from Defendants would result in unjust enrichment to the Plaintiff and/or the purportedly "similarly situated" individuals.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff and/or the individuals purported to be "similarly situated" have an adequate and complete remedy at law.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims and/or the claims of "similarly situated" individuals are barred because the claims contained herein are foreclosed by the wage and hour laws' *de minimis* exception and/or some or all of the time allegedly worked is not compensable pursuant to the provisions of the FLSA, the Portal-to-Portal Act of 1947, and/or New York state law.

### SEVENTEENTH SEPARATE DEFENSE

Because liability and/or damages, if any, to the "similarly situated" individuals may not be determined by a single jury on a group-wide basis, allowing this action to proceed as a collective action would violate Defendant's rights under the Seventh and Fourteenth Amendment to the United States Constitution.

### EIGHTEENTH SEPARATE DEFENSE

To the extent that Plaintiff or any purportedly "similarly situated" individuals executed arbitration agreements, in whole or in part, Plaintiff's claims, or those made on behalf of purportedly "similarly situated" individuals, are barred by said agreements.

### NINETEENTH SEPARATE DEFENSE

In the event that the proposed FLSA collective should be certified in this matter, or any individual be allowed to opt into the action, Defendants incorporate by reference and re-alleges all of their defenses to Plaintiff's individual claims in response to the claims brought on behalf of or asserted by all members of such proposed collective.

### TWENTIENTH SEPARATE DEFENSE

At all times, GGC paid Plaintiff and all purported members of a collective the requisite minimum wages and time and one-half for all hours of overtime worked, and made no improper deductions from wages.

## **TWENTY-FIRST SEPARATE DEFENSE**

Plaintiff acknowledged and confirmed that he was paid all wages, including overtime, due him and should be estopped from recovering any damages herein.

MANDELBAUM SALSBURG, P.C.
Attorneys for Defendants


By:    /s/Steven I. Adler
              Steven I. Adler, Esq.

Dated:  October 29, 2020

**<u>CERTIFICATION OF SERVICE</u>**

On this date, I caused a copy of an Answer to be served via the Court's CM/ECF System upon:

>
> Clifford Tucker, Esq.
> Michael Faillace & Associates, P.C.
> 60 East 42nd Street, Suite 4510
> New York, NY 10165
> ctucker@faillacelaw.com>

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

>
> MANDELBAUM SALSBURG, P.C.
> Attorneys for Defendants
>
> By:   /s/Steven I. Adler
>        Steven I. Adler, Esq.

Dated:  October 29, 2020